# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Patrick Cohen, on behalf of himself and others similarly situated, | Case No. 1:25-cv-22924 |
| Plaintiff, | **Jury Trial Demanded** |
| vs. | |
| American Honda Finance Corporation d/b/a Acura Financial Services, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

### Introduction

1. Patrick Cohen ("Plaintiff") brings this class action against American Honda Finance Corporation d/b/a Acura Financial Services ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of artificial or prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> ***
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency

1

calls it places, or causes to be placed, to telephone numbers assigned to a cellular telephone service, without prior express consent.

4. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to wrong or reassigned cellular telephone numbers.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this district in that Defendant directed its violative calls to Plaintiff in this district and Plaintiff received Defendant's violative calls in this district.

**Parties**

7. Plaintiff is a natural person who resides in Miami-Dade County.

8. Defendant is a wholly owned subsidiary of American Honda Motor Co., Inc., the sole authorized distributor of Honda and Acura motor vehicles, Honda motorcycles, Honda power equipment, and Honda and Acura parts and accessories in the United States.

9. As part of its business, Defendant places outbound calls using an artificial or prerecorded voice.

**Factual Allegations**

10. Plaintiff is, and has been for a number of years before the calls at issue began, the sole and customary user of his cellular telephone number—(XXX) XXX-2944.

11. In or around 2024, Plaintiff began receiving telephone calls intended for someone other than him from Defendant.

12. For example, on or about May 15, 2025, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-2944.

13. In connection with this May 15, 2025 call, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message stating:

> … your account involving your 2024 Acura MDX vehicle. If you are the individual responsible for this account, press one now. Otherwise, please stay on the line to hear a message for the responsible party. Please return our call today at 866-950-6676 before 8 pm local time. You can also view and manage your account at acurafinancialservices.com. Thank you.

14. On or about May 16, 2025, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-2944.

15. In connection with this May 16, 2025 call, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message stating:

> … your account involving your 2024 Acura MDX vehicle. If you are the individual responsible for this account, press one now. Otherwise, please stay on the line to hear a message for the responsible party. Please return our call today at 866-950-6676 before 5 pm local time. You can also view and manage your account at acurafinancialservices.com. Thank you.

16. On or about May 19, 2025, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-2944.

17. In connection with this May 19, 2025 call, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message stating:

> This is Acura Financial Services. Please return our call today at 866-950-6676 before 8 pm local time. You can also view and manage your account at acurafinancialservices.com. Thank you.

18. On or about June 9, 2025, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-2944.

19. In connection with this June 9, 2025 call, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message stating:

> This is Acura Financial Services. Please return our call today at 866-950-6676 before 8 pm local time. You can also view and manage your account at acurafinancialservices.com. Thank you.

20. On or about June 12, 2025, Defendant placed, or caused to be placed, a call to telephone number (XXX) XXX-2944.

21. In connection with this June 12, 2025 call, Defendant delivered, or caused to be delivered, an artificial or prerecorded voice message stating:

> This is Acura Financial Services. Please return our call today at 866-950-6676 before 8 pm local time. You can also view and manage your account at acurafinancialservices.com. Thank you.

22. Plaintiff has received at least 100 such calls from Defendant where Defendant delivered, or attempted to deliver, an artificial or prerecorded voice message for someone other than him.

23. Defendant's records will identify each call it placed, or caused to be placed, to telephone number (XXX) XXX-2944.

24. The subject artificial or prerecorded voice messages are generic—*i.e.*, the messages contain no pauses or breaks in speech as is common in a normal live speech pattern.

25. The tone and speech pattern of the voice messages, which Plaintiff received and listened to, are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

26. Given the generic nature and content of the messages, the messages Defendant delivered to (XXX) XXX-2944 were artificial or prerecorded in nature.

27. After calling 866-950-6676, a prerecorded message plays that states: "Thank you for calling Acura Financial Services."

28. The website acurafinalservices.com is owned and operated by Defendant.

29. Plaintiff does not have an account with Defendant.

30. Plaintiff did not provide telephone number (XXX) XXX-2944 to Defendant.

31. Plaintiff did not provide Defendant consent to place, or cause to be placed, calls to telephone number (XXX) XXX-2944 in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

32. Plaintiff did not provide Defendant with consent to place, or cause to be placed, calls to telephone number (XXX) XXX-2944 in connection with which Defendant used or caused to be used an artificial or prerecorded voice regarding a 2024 Acura MDX vehicle.

33. Defendant did not have Plaintiff's prior express consent to place, or cause to be placed, any calls to telephone number (XXX) XXX-2944.

34. Defendant placed, or caused, to be placed the subject calls to telephone number (XXX) XXX-2944 for non-emergency purposes.

35. Defendant placed, or caused to be placed, the subject calls to telephone number (XXX) XXX-2944 voluntarily.

36. Defendant placed, or caused to be placed, the subject calls to telephone number (XXX) XXX-2944 under its own free will.

37. Defendant had knowledge it was using, or causing to be used, an artificial or prerecorded voice in connection with the subject calls it placed or caused to be placed to telephone number (XXX) XXX-2944.

38. Plaintiff has never owned or leased a 2024 Acura MDX.

39. Plaintiff informed Defendant on several occasions that it was calling the wrong person.

40. During one of those calls, Defendant informed Plaintiff that someone might have provided Defendant with Plaintiff's telephone number by mistake.

41. Unfortunately for Plaintiff, Defendant's artificial or prerecorded voice calls continued, and continue to this day.

42. Plaintiff suffered actual harm as a result Defendant's subject calls to telephone number (XXX) XXX-2944, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice, in that Plaintiff suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

43. Plaintiff found Defendant's artificial or prerecorded voice messages to be irritating and invasive.

44. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses, or causes to be used, an artificial or prerecorded voice in connection with calls it places, or causes to be placed, to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Allegations**

45. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom American Honda Finance Corporation placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who then had an American Honda Finance Corporation account, (3) in connection with which American Honda Finance Corporation used, or caused to be used, an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

46. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

47. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

48. The exact number of the members of the class is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

49. The proposed class is ascertainable because it is defined by reference to objective criteria.

50. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

51. Plaintiff's claims are typical of the claims of the members of the class.

52. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

53. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

54. Plaintiff's claims are based on the same theories as the claims of the members of the class.

55. Plaintiff suffered the same injuries as the members of the class.

56. Plaintiff will fairly and adequately protect the interests of the members of the class.

57. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

58. Plaintiff will vigorously pursue the claims of the members of the class.

59. Plaintiff has retained counsel experienced and competent in class action litigation.

60. Plaintiff's counsel will vigorously pursue this matter.

61. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

62. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

63. Issues of law and fact common to all members of the class include:

    a. Defendant's violations of the TCPA;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing, or causing to be dialed, wrong or reassigned cellular telephone numbers;

    c. Defendant's conduct, pattern, and practice as it pertains to placing, or causing to be placed, calls in connection with which it used, or caused to be used, an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

    d. Defendant's use, or caused use, of an artificial or prerecorded voice; and

    e. the availability of statutory penalties.

64. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

65. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

66. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

67. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

68. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

69. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

70. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

71. There will be little difficulty in the management of this action as a class action.

**Count I: Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

72. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 71.

73. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed, or caused to be placed, to Plaintiff's cellular

9

telephone number, and to the cellular telephone numbers of the members of the class, without consent.

74. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed, or caused to be placed, to Plaintiff's cellular telephone number, without consent, and after Plaintiff informed Defendant that it was calling the wrong person.

75. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Trial by Jury

76. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a trial by jury of any and all triable issues.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Awarding Plaintiff and the members of the class damages, including treble damages, under 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

    g) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

    h) Awarding such other and further relief as the Court may deem just and proper.

Dated: June 30, 2025

/s/ *James L. Davidson*
James L. Davidson
FL. Bar No. 723371
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Telephone: (561) 826-5477
jdavidson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class